UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTOPHER M. COOK<br>*Appellant*,<br><br>v.<br><br>CHAPTER 13 TRUSTEE,<br>*Appellee*. | On Appeal from the United States Bankruptcy Court for the Eastern District of Virginia: Bankr. Case No. 23-10889-KHK<br><br>No. 1:24-cv-00288-MSN-WBP |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Appellant Christopher M. Cook's appeal from the Bankruptcy Court's Order confirming Mr. Cook's Fourth Plan (ECF 1). More specifically, Mr. Cook seeks to challenge an earlier iteration of that plan—the denial of his First Plan. The issue of that prior plan, however, is now equitably moot. Accordingly, this Court will not disturb the Bankruptcy Court's Order.

**I.     BACKGROUND**

   **A.     First Plan**

Christopher M. Cook (the "debtor") filed a Chapter 13 bankruptcy petition with the Bankruptcy Court for the Eastern District of Virginia on May 29, 2023. Bankr. Case No. 23-10889-KHK ("Bankr. Case"), ECF 1. Debtor's first Chapter 13 plan ("First Plan") proposed a payment of $200 per month over a 36-month term, totaling $7,200. Bankr. Case, ECF 2. After Thomas P. Gorman (the "trustee") objected to the First Plan, debtor amended his schedules and statements. Bankr. Case, ECF 17. On September 14, 2023, the Bankruptcy Court held a confirmation hearing

where, after taking evidence on the liquidation and good faith tests,[1] the Court ultimately denied confirmation of the First Plan on September 15, 2023. Bankr. Case, ECF 20.

### B. Second Plan

Debtor then filed an Amended/Modified Chapter 13 Plan ("Second Plan") on September 18, 2023. Bankr. Case, ECF 22. The Second Plan proposed payments of four (4) $200 per month installments and then thirty-two (32) $400 per month installments over a 36-month term, totaling $13,600. *Id.* Again, trustee filed an objection (Bankr. Case, ECF 23), and debtor curiously appeared to file his own "Objection" to the plan as well (Bankr. Case, ECF 25). The Bankruptcy Court denied this plan at the November 8, 2023 hearing. Bankr. Case, ECF 27.

### C. Third Plan

Debtor's next Amended/Modified Chapter 13 Plan ("Third Plan") was filed on November 9, 2023. Bankr. Case, ECF 29. This Third Plan proposed payments of four (4) $200 per month installments, followed by one (1) $400 per month installment and then thirty-one (31) $600 per month installments over a 36-month term, totaling $19,800. *Id.* Yet again, trustee objected to the plan (Bankr. Case, ECF 32), and debtor did as well (Bankr Case, ECF 34). The Bankruptcy Court denied this plan at the December 14, 2023 hearing. Bankr. Case, ECF 35.

### D. Fourth Plan

On December 16, 2023, debtor filed another Amended/Modified Chapter 13 Plan ("Fourth Plan"). Bankr. Case, ECF 37. Debtor's Fourth Plan proposed payments of four (4) $200 per month

---

[1] The liquidation test requires the Bankruptcy Court to "make[] an independent finding, based on the evidence and arguments presented, whether creditors will receive as much under the plan as they would in [a] hypothetical Chapter 7 liquidation." *In re Affiliated Foods, Inc.*, 249 B.R. 770, 787 (Bankr. W.D. Mo. 2000).

The good faith test is a totality of the circumstances inquiry into whether "[b]roadly speaking, … under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan." *In re Brandland*, 570 B.R. 203, 217 (Bankr. E.D. Va. 2017) (quoting *Deans v. O'Donnell*, 692 F.2d 698, 972 (4th Cir. 1982)).

installments, followed by one (1) $400 per month installment, then one (1) $600 per month installment and finally thirty (30) $625 per month installments over a 36-month period for a total of $20,550. *Id.* Despite debtor's objection to his own Fourth Plan, the Bankruptcy Court overruled the objection and confirmed the plan on February 6, 2024. Bankr. Case, ECF 44. Debtor appealed this Confirmation Order on February 16, 2024. ECF 1.

## II.   LEGAL STANDARD

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008) (citations omitted). Additionally, this Court "has discretion whether to find an appeal equitably moot." *Patterson v. Mahwah Bergen Retail Group, Inc.*, 636 B.R. 641, 698 (E.D. Va. 2022).

## III.   ANALYSIS

Appellant argues that the Bankruptcy Court committed reversible error when, relying on Appellant's purported failure to meet his burden of proof on the liquidation and good faith tests, the Bankruptcy Court concluded that the First Plan could not be confirmed. ECF 7 at 4. In Appellant's view, the Bankruptcy Court should have confirmed the First Plan, but knew that debtor could pay more and therefore "needed a pretext to deny his plan and 'force [debtor]' to pay more" (the pretext being the Bankruptcy Court's conclusion on the liquidation and good faith tests). *Id.* at 29.

But Appellant's arguments concerning the First Plan are now equitably moot. "Equitable mootness is a pragmatic doctrine grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *In re Bate Land & Timber LLC*, 877 F.3d 188, 195 (4th Cir. 2017) (internal quotations and citation omitted). The doctrine is often invoked in

3

bankruptcy proceedings because it may become "impractical and imprudent to upset the plan of reorganization at [a] late[r] date." *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). The Court looks at the following four factors[2] in making its determination on equitable mootness:

> "(1) whether the appellant sought and obtained a stay;
>
> (2) whether the reorganization plan or other equitable relief has been substantially consummated;
>
> (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and,
>
> (4) the extent to which the relief requested on appeal would affect the interests of third parties."

*Patterson*, 636 B.R. at 696. Here, all four factors weigh in favor of finding the appeal equitably moot. **First**, Appellant did not seek or obtain a stay.[3] **Second**, the Fourth Plan has been substantially consummated: following the plan's confirmation, "[d]ebtor has made timely payments which have been distributed to allowed claimants who filed timely Proofs of Claim." ECF 9 at 8; *see also Mac Panel Co.*, 283 F.3d at 625-26 (outlining substantial consumation requirements). **Third**, the requested relief would undoubtedly affect the success of the confirmed plan because it would in effect nullify that plan. **Fourth**, because the requested relief would nullify a plan under which claimants have already received payments, the interests of those claimants would be substantially affected. *See Clark v. Council of Unit Owners of 100 Harborview Drive Condo.*, 2019 WL

---

[2] Although often applied in the context of a Chapter 11 bankruptcy, various courts in this circuit have applied these factors to the Chapter 13 context. *See, e.g.*, *Walker v. Grisby*, 2006 WL 4877450, at *3 (D. Md. Apr. 11, 2006); *Khan v. Citibank*, 2017 WL 2311185, at *3 (D. Md. May 26, 2017).

[3] Contrary to Appellee's assertion, the Bankruptcy Court's order denying confirmation of the First Plan was not, for purposes of appeal, a final order. *See Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015). But debtor could have nonetheless sought leave to appeal the interlocutory order, Fed. R. Bankr. P. 8004, or a stay of the confirmation order pending appeal, Fed. R. Bankr. P. 8007. Debtor did neither.

4673434 at *6 (D. Md. Sept. 25, 2019) ("It would be inequitable for this Court … to disgorge third-parties of funds already dispersed to them in accordance with the Confirmed Plan."). Accordingly, this Court finds that all four factors weigh in favor of finding this appeal equitably moot.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that debtor's appeal (ECF 1) is DENIED; and it is further

ORDERED that the Order of the Bankruptcy Court is AFFIRMED.

It is SO ORDERED.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

December 11, 2024
Alexandria, Virginia